UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASMINE C LEWIS,
    Plaintiff,

v.                                        Case No. 10-CV-126

ALAN D EISENBERG,
    and
JAMES M ZARZYNSKI,
    Defendants.

## DECISION AND ORDER

### NATURE OF CASE

The plaintiff, Jasmine C. Lewis, filed this action against the defendants, Alan D. Eisenberg and James M. Zarzynski on February 16, 2010. The plaintiff asserts that the defendants violated 18 U.S.C. § 241 by conspiring to deprive her of her civil rights. The basis for the assertion of conspiracy is the defendants' misconduct in their capacity as her legal counsel.

According to the allegations of the compliant, the plaintiff retained the defendants to represent her in a sexual harassment and discrimination action she had filed pro se against her employer. The plaintiff alleges that during the period the defendants represented her, they were "negligent and/or committed malpractice and breached fiduciary duties" to her. (Complaint at 8). Specifically, the plaintiff alleges the defendants (1) failed to explain that defendant Eisenberg was a domestic violence attorney, who had limited experience with employment cases; (2) failed to zealously represent her; (3) failed to disclose any conflicts of interest that might have impaired her claim; (4) failed to use reasonable care to provide her

with competent legal representation; (5) failed to disclose to her that defendant Zarzynski's medical license had been revoked at the time he was providing her services related to the prior claim; and (6) failed to timely inform her that her claim was dismissed and that she had a limited time in which to file an appeal. She also alleges that the defendants were negligent, committed malpractice and made fraudulent representations to her regarding her legal matter.

The defendants filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted Fed. R. Civ. P. 12(b)(6). (Docket # 7). The motion is ready for resolution and will be addressed herein.

## **MOTION TO DISMISS**

A motion to dismiss under 12(b)(1) challenges the federal court's jurisdiction to hear a complaint on the grounds that the federal court lacks subject matter jurisdiction. It is well established that federal courts are courts of limited jurisdiction and may adjudicate a case only if there is both constitutional and statutory authority for federal jurisdiction. See Erwin Chemerinsky, Federal Jurisdiction at 266 (5th ed. 2007). A person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182-89 (1936). The presence of federal question jurisdiction is determined by the plaintiff's complaint. "A district court's federal question jurisdiction . . . extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right necessarily depends on resolution of a substantial question of federal law,' in that 'federal law is a necessary element of one of the well-pleaded . . . claims.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (quoting

- 2 -

Franchise Tax Board of Calif. v. Construction Laborer's Vacation Trust, 463 U.S. 1, 27-28 [1983]).

In addition to federal question jurisdiction, a federal court has subject matter jurisdiction over cases in which there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. See 28 U.S.C. § 1332. Every court has a responsibility to determine independently in every case whether or not it has subject matter jurisdiction and to dismiss the case if it concludes it does not. See Pratt Central Park Ltd. Partnership v. Dames & Moore, Inc., 60 F.3d 350, 352-54 (7th Cir. 1995); Ross v. Inter-Ocean Ins. Co., 693 F.2d 659, 660 (7th Cir. 1982).

In this case, it is clear from the plaintiff's compliant that all parties are residents of the State of Wisconsin and, therefore, the court does not have jurisdiction based on the diversity of the parties. See 28 U.S.C. §1332. Thus, for the court to have jurisdiction the plaintiff's complaint must raise a federal question.

The plaintiff's complaint asserts that the defendants conspired to violate her civil rights under 18 U.S.C. § 241. Section 241 of Title 18, United States Code is a federal criminal statute which provides in relevant part:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same

This statute does not create a private cause of action or a basis for civil liability. Richcreek v. Grecu, 612 F. Supp. 111, 114 (S.D. Ind. 1985); Pawelek v. Paramount Studios Corp., 571 F. Supp. 1082, 1083 (N.D. Ill. 1983); Weiland v. Byrne, 392 F. Supp. 21, 22 (N.D. Ill. 1975). Therefore, § 241 does not provide a basis for federal question jurisdiction in this case.

The essence of the plaintiff's complaint is that the defendants, as legal counsel, breached their duties and obligations to the plaintiff. A claim that an attorney "breached [his or her] contractual obligation[s] to his [or her] client implicate[s] state, not federal, law." Dick v. Towles, 67 Fed. Appx. 965, 966 (7th Cir. 2003); see also, Tylon v. Kloak, 98 Fed. Appx. 511, 512 (7th Cir. 2004) (no federal question jurisdiction where the plaintiff sued his criminal defense attorney for malpractice, a cause of action arising under state law).

In her response to the defendants' motion to dismiss, the plaintiff asserts that defendants also violated 42 U.S.C. § 1985. She maintains that the defendants conspired to deny the plaintiff her civil right to have her prior claim properly presented before a court. The plaintiff also contends that the defendants committed fraud by accepting payment for their legal services, which were falsely represented. "'A plaintiff may not amend [her] complaint through arguments in [her] brief.'" Insolia v. Philip Morris Inc., 216 F.3d 596, 606 (7th Cir. 2000) (quoting Shanahan v. City of Chicago, 82 F.3d 776, 781 [7th Cir. 1996]). Thus, the plaintiff's § 1985 claim raised for the first time in her response brief must be summarily rejected. Moreover, to state a claim under §1985, a plaintiff must allege some racial or class based animus on the part of the defendants. See Richcreek, 612 F. Supp at 114. Here, the plaintiff failed to allege that there was some "racially (or otherwise discriminatorily) motivated animus behind the defendants' actions." Payton v. Rush-Presbyterian St. Luke's Med. Ctr., 184 F.3d 623, 632 (7th Cir. 1999). Accordingly, the plaintiff has failed to state a claim under 42 U.S.C. § 1985. See Id.

For the reasons stated herein, the plaintiff's complaint fails to establish that this court has subject matter jurisdiction. Therefore, the defendants' motion to dismiss this action for lack of jurisdiction will be granted.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion to dismiss be and hereby is granted. (Docket # 7).

**IT IS FURTHER ORDERED** that this action be and hereby is dismissed.

**FINALLY IT IS FURTHER ORDERED** that the clerk of the court enter judgement accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of July, 2010.

                                                    BY THE COURT:

                                                    _s/ Patricia J. Gorence_
                                                    PATRICIA J. GORENCE
                                                    United States Magistrate Judge